# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 2540  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

jandrophy@faillacelaw.com

March 2, 2020

**VIA ECF**

Hon. Sara Netburn, U.S.M.J.  
United States District Court  
Southern District of New York  
40 Foley Square  
New York, NY 10007

      Re:      **Reyes et al v. Tava Cafe LLC et al**  
                  **U.S.D.C., S.D.N.Y., 18-cv-10210-SN**

Your Honor:

      This office represents Plaintiffs Yoel Julian Reyes, Jose Alberto Xelano Mena, and Alejandro Hurtado Delgado ("Plaintiffs") in the above-referenced matter. We write, together with Defendants' counsel, to respectfully request that the Court approve the parties' settlement of the above-referenced matter.

      The parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive settlement discussions and reached an agreement immediately before a settlement conference scheduled before your Honor. The Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

      The parties represent to the Court that while Plaintiffs believe that the settlement amount is less than what the Plaintiffs would be entitled to if they prevailed at trial, the settlement is fair, as discussed herein.

Hon. Sara Netburn
March 2, 2020
Page 2 of 6

**Background**

Plaintiff Yoel Julian Reyes was employed by Defendants from approximately March 2018 until on or about October 2018. During that time, Plaintiff Reyes typically worked 50 hours per week, although his exact hours fluctuated from week to week. He was paid at the rate of $8.65 per hour for his regular hours, and $13.85 per hour for his overtime hours. Although Plaintiff Reyes was ostensibly employed as a delivery worker, he spent a substantial part of his work day performing general non-delivery, non-tipped tasks, and was not permitted to be paid at a lower tip-credit rate.

Plaintiff Mena worked from late 2017 until January 2019 for Balzem. Plaintiff Mena's weekly hours worked ranged from below 40 to as many as 71 hours per week. Mena was paid $8.65 for his regular hours, and $15.15 for his overtime hours. Although Plaintiff Mena was ostensibly employed as a delivery worker, he spent a substantial part of his work day performing general non-delivery, non-tipped tasks, and was not permitted to be paid at a lower tip-credit rate.

Plaintiff Alejandro Hurtado Delgado was employed by Defendants from approximately March 2016 until on or about December 2018. Plaintiff Hurtado's hours changes over time, and ranged from approximately 36 hours per week to 84 hours per week. He was paid $8.50 per hour until 2018, when his pay increased to $9.50 per hour.

Plaintiffs brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants deny Plaintiffs allegations and have produced time and pay records to support their position. They contend that Defendants were permitted to pay Plaintiffs at the lower tip-credit rate and that therefore Plaintiffs are owed far less damages than they claimed.

**Settlement**

The parties have agreed to settle this action for the total sum of $65,000.00 which will be paid as outlined in **Exhibit A**. The Plaintiffs estimated that, in a best case scenario, they would be entitled to approximately $48,925.31 in base minimum wage and overtime damages. However, if Defendants were to succeed in establishing a right to pay Plaintiffs at the tip credit rate, they estimate that Plaintiffs would be entitled to approximately $24,617.29 in minimum wage and overtime damages.

$42,900.09 of the settlement amount will be paid to the Plaintiffs, with $9,008.99 to Jose Xelano Mena, $9,437.99 to Yoel Julian Reyes, and $24,453.11 to Alejandro Hurtado Delgado. These amounts are proportional to the damages each plaintiff could have recovered if successful at trial. The remaining amount $22,099.91 will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc.*,* 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement

will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiffs. Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of trial. The $42,900.09 that they will be receiving accounts for a large portion of any alleged unpaid minimum and overtime wages that they could have recovered had they been successful at trial. This recovery is also well over what Plaintiffs would recover if Defendants were to successfully establish that they paid Plaintiffs in accordance with the law. Furthermore, the settlement agreement is the product of arm's-length bargaining between experienced counsel, and there is no possibility of fraud or collusion, as the Parties settled after extensive negotiations, a mediation, and immediately before a scheduled settlement conference.

**Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $22,099.91 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third

contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable.

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations.

Plaintiffs' attorneys' lodestar amount is costs of $613.00 and attorneys' fees of $8,845.00, for a total of $9,458.00. Plaintiffs' attorneys' billing records are annexed as Exhibit B. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.
- Mr. Androphy is senior attorney at Michael Faillace & Associates, P.C. His time is billed at an hourly rate of $400.00 and is indicated by the initials "JA". This is his standard rate for matters on which his work is billed at an hourly rate. Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. At his departure from Olshan Frome Wolosky LLP, Mr. Androphy regularly billed at the rate of $450 per hour. Since joining Michael Faillace & Associates, P.C. in 2012, Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. Androphy has been named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018 for employment litigation. He has served as trial attorney on more than twenty wage and hour trials in federal court since joining Michael Faillace & Associates, P.C.

Hon. Sara Netburn
March 2, 2020
Page 6 of 6

- Work performed by paralegals is indicated by the initials "PL" and billed at the rate of $100 per hour.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

## **Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of his client. Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

> Respectfully Submitted,
>
> /s/ Joshua S. Androphy
> Joshua S. Androphy, Esq.
> Michael Faillace & Associates, P.C.
> *Attorneys for Plaintiffs*

cc:   Jason Mizrahi, Esq. (via ECF)
      *Attorney for Defendants*